## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| BRANDON ROSS CAMPBELL, formerly known as Brandon Ross Williams,<br><br>               Plaintiff,<br><br>    vs.<br><br>SPORTSMAN'S DISTRIBUTION COMPANY OF GEORGIA, LLC, doing business as Bass Pro Shops; BOYD BOND; and ROBERT BRIAN FOX,<br><br>             Defendants. | CIV. ACTION NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Brandon Ross Campbell, formerly known as Brandon Ross Campbell,[1] by and through the undersigned Counsel of Record, and hereby files this Complaint for Damages against Defendants Sportsman's Distribution Company of Georgia, LLC, doing business as Bass Pro Shops, Boyd Bond, and Robert Brian Fox, respectfully showing the Court as follows:

---

[1] On November 3, 2020, the Superior Court of Henry County, Georgia, entered a Final Order Changing Name of Adult, ordering that Plaintiff's name shall be changed from Brandon Ross Williams to Brandon Ross Campbell.

Page 1 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

## JURISDICTION AND VENUE

### 1.

Plaintiff commences the above-captioned case pursuant to: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII") for discrimination based on race and retaliation; (2) the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, ("Section 1981") for discrimination based on race and retaliation; (3) the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601, *et seq.*, ("FMLA") for interference; and (4) laws of the State of Georgia for intentional infliction of emotional distress, as well as negligent retention and supervision.

### 2.

This United States District Court for the Middle District of Georgia ("Court") is vested with original jurisdiction over the Title VII, Section 1981, and FMLA claims pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over the State law claims, which arise from the same nucleus of operative facts as the Federal claims, pursuant to 28 U.S.C. § 1367.

Page 2 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

3.

Venue is proper in the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located, and the unlawful conduct forming the basis of this matter occurred, in said district and division.

4.

Plaintiff satisfied administrative prerequisites to institute this matter. Specifically, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity ("EEOC") within 180 calendar days from the day the discrimination and/or retaliation took place (Charge No. 410-2020-05419). Moreover, Plaintiff timely commenced the above-captioned case within ninety (90) days of receipt of the Notice of Right to Sue, dated April 14, 2021.

## **PARTIES**

5.

Plaintiff Brandon Ross Campbell, formerly known as Brandon Ross Campbell, ("Campbell" or "Plaintiff") is a thirty-five (35) year-old African-American, who is a citizen of the United States and resident of the State of Georgia, subject to this Court's jurisdiction.

Page 3 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

6.

At all times relevant to this action, Campbell was an employee of Sportsman's Distribution Company of Georgia, LLC, doing business of Bass Pro Shops, within the meaning of, among other laws, Title VII, Section 1981, and the FMLA.

7.

Defendant Sportsman's Distribution Company of Georgia, LLC, doing business as Bass Pro Shops, ("Bass Pro Shops") is a Delaware limited liability company providing hunting, fishing, camping, and recreational merchandise to consumers, registered to do business in the State of Georgia (Control Number 0557558), and subject to the jurisdiction of this Court, with a principle office located at 2500 E. Kearney, Springfield, Missouri 65898.

8.

Bass Pro Shops operates several retail centers, including, but not limited to, the retail center located at 5000 Bass Pro Boulevard, Macon, Georgia 31210 ("Macon Center").

Page 4 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

9.

Bass Pro Shops is an "employer" within the meaning of Section 1981, Title VII, and the FLSA, engaging in an industry affecting commerce and employing more than fifty (50) persons for each working day in each of twenty (20) calendar weeks in the current or preceding calendar year.

10.

Bass Pro Shops may be served with process through its Registered Agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

11.

Defendant Boyd Bond is and was, at all relevant times, a citizen of the United States, resident of the State of Georgia, and subject to the jurisdiction of this Court.

12.

Boyd was, at all relevant times, Bass Pro Shops Director at the Macon Center, involved in the day-to-day operation of the Macon Center and regularly exercised authority to:  (a) hire and terminate employees, (b) determine the schedules and assignments for employees, (c) supervise employees, and (d) otherwise control operation of the Macon Center.

Page 5 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

13.

At all relevant times, Boyd supervised Campbell while participating in the unlawful discriminatory, retaliatory, and tortious conduct described herein.

14.

Boyd may be served with process at the Macon Center located at 5000 Bass Pro Boulevard, Macon, Georgia 31210.

15.

Defendant Robert Brian Fox ("Fox") is and was, at all relevant times, a citizen of the United States, resident of the State of Missouri, and subject to the jurisdiction of this Court.

16.

Fox was, at all relevant times, Bass Pro Shops Director, involved in the day-to-day operation of, among other locations, the Macon Center and regularly exercised authority to:  (a) hire and terminate employees, (b) determine the schedules and assignments for employees, (c) supervise employees, and (d) otherwise control operation of the Macon Center.

Page 6 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

17.

At all relevant times, Fox supervised Campbell while participating in the unlawful discriminatory, retaliatory, and tortious conduct described herein.

18.

Fox may be served with process at 4500 Venice Avenue, Ozark, Missouri 65721-8053.

## FACTUAL ALLEGATIONS

19.

Plaintiff re-alleges and incorporates each and every preceding Paragraph of the above-captioned complaint as if set forth fully herein.

20.

Bass Pro Shops is a United States retailer operating a chain of facilities, including, but not limited to, the Macon Center, selling hunting, fishing, camping, and recreational merchandise.

21.

After high school, Campbell obtained several professional certifications and trainings. For example, Campbell completed law enforcement training with the Maryland Police and Correctional Training Commission. Additionally, Campbell is

Page 7 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

certified in OSHA 30, Wicklander-Zulawski, AED and CPR, as well as Domestic Violence SAFE with the U.S. Department of Homeland Security.

22.

Prior to working for Bass Pro Shops, Campbell held several professional positions including, but not limited to, Sergeant with the Baltimore City Police Department, Residence Relations Specialist with Westminster Management, and Safety Contractor with MVM Incorporated SSA Woodlawn.

23.

Beginning on or about May 9, 2018, Campbell became employed by Bass Pro Shops at the Macon Center as a Security Supervisor.  Approximately a year later, Campbell was promoted to Safety and Security Manager.  In this capacity, Campbell is responsible for compliance with company policies and procedures, investigating matters of internal dishonesty, controlling merchandise loss and profitability, reviewing and analyzing shrink performance, supporting safety awareness and compliance, as well as other duties and tasks assigned by management.

24.

Campbell is the only African-American Safety and Security Manager employed by Bass Pro Shops.  Following the corporate merger with Cabela's, Bass

Page 8 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

Pro Shops hired several Safety and Security Managers, including Tim [INSERT NAME], Jason Magers, Jacob Hutches, and Christopher Sutton—all Caucasian men. Although all the Safety and Security Managers performed the same professional duties and Campbell was the most-senior Manager, Bass Pro Shops paid Campbell significantly-less than the Caucasian Managers.  Additionally, although the Caucasian Managers were given Purchase Credit Cards ("P-Card") to make necessary purchases for team members, Campbell was never issued a P-Card and must request that the Maintenance Manager make purchases for Campbell's Safety and Security Team ("Team").  Similarly, although the Caucasian Managers were issued laptop computers to work remotely, Campbell did not receive a laptop until February 2021 (after filing a Charge with the EEOC) despite being required to perform professional duties and responsibilities from home.  And, Campbell is the only Safety and Security Manager that does not have an office.

25.

At all relevant times, Campbell diligently performed all tasks while meeting or exceeding all performance expectations.  For example, Campbell was named as Bass Pro Shop's Ambassador for the Customs Trade Partnership Against Terrorism.  Additionally, Campbell has received professional praise for securing a loaded

Page 9 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

firearm which lead to the arrest of an employee, recovering stolen merchandise, and increasing employee moral while leading the Team.

26.

In or about April 2020, Campbell submitted, internally with Bass Pro Shops, a complaint, wherein Campbell complained about less-favorable treatment than Caucasian employees and being subjected to racial discrimination at the hands of Tim Morris (Caucasian), Director and Campbell's direct supervisor, at the Macon Center.  Bass Pro Shops failed to take any remedial action based upon Campbell's internal complaint.  As such, on or about May 5, 2020, Campbell filed a Charge of Discrimination ("Charge") with the EEOC, complaining about racial discrimination at the hands of Defendants at the Macon Center.

27.

After Campbell went on medical leave in April 2020, Fox (Caucasian) replaced Morris as Campbell's direct supervisor.

28.

After returning from medical leave, on or about July 17, 2020, Fox and Campbell held a conference call, when Campbell and Fox discussed Campbell's professional relationship with Bond and Carole Thomas ("Thomas"), HR Manager,

Page 10 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

Bass Pro Shops, as well as existing issues at the Macon Center.   During the conference call, Campbell shared concerns involving Bond and Thomas following certain racial discriminatory incidents involving Morris.  In response, Fox discussed various security protocol incidents involving the Team while Campbell was on medical leave.   Immediately following the conversation, Campbell conducted a Team meeting, when Campbell discussed, *inter alia*, the security protocols referenced by Fox and re-trained the Team concerning usage of handheld scanners.

29.

Immediately following Campbell's return from medical leave, Defendants commenced a retaliatory campaign against Campbell.  For example, Campbell's security badge was deactivated without cause or reason.   Similarly, Campbell's picture was removed from the location where all the Manager's photographs were displayed.  To this date, Campbell was never given an explanation for these actions.

30.

Moreover in furtherance of the retaliatory campaign, prior to the Campbell's medical leave in April 2020, Bond and another Director advised Campbell that an old training room would be converted into an office for Campbell, who needed privacy to perform certain professional Safety and Security functions.  Based upon

Page 11 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

professional duties and responsibilities, Campbell was not supposed to share an office with other employees.  However, the day before Campbell's return from medical leave, Chandia Harris (African-American Team Lead) advised Campbell that a note was placed on the training room stating "HR Storage Room."  Despite the promise to convert the room into Campbell's office, Bond gave the training room to Blake Maurer, Caucasian Manager.  Campbell advised Fox that this retaliatory action made Campbell feel isolated and uncomfortable following Campbell's racial discrimination complaint against Morris.

31.

Similarly in furtherance of the retaliatory campaign, during a conference call with Fox and other Safety and Security Managers, Campbell learned, for the first time, that the Macon Center was second highest for COVID-19 infected employees.  Despite Campbell's position as Safety and Security Manager, neither Bond nor Thomas briefed Campbell or made Campbell aware of the COVID-19 issues at the Macon Center.  After the conference call, Campbell advised Fox that Campbell felt disconnected from management at the Macon Center based upon Campbell's racial discrimination complaint against Morris.

Page 12 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

32.

On or about July 23, 2020, Team member Shameika Boatman ("Boatman") reported to Campbell about an incident, involving Bond, Thomas, and Tiffany Adams, Assistant HR Manager, at the Macon Center.  After reviewing security camera footage, Campbell reported the incident and provided Boatman's incident report to Fox.  When Campbell compared the incident to the security protocol issues discussed with Fox on July 17, 2020, Fox agreed and stated that Fox would address the issue with Bond and Thomas.

33.

While at the Macon Center's Security Control Exit Point on or about July 24, 2020, Campbell observed the same security violation Boatman reported the previous day.  When Bond set off the metal detector while coming through the entrance to the Macon Center, consistent with Bass Pro Shops policy and Fox's instructions, Campbell utilized the handheld scanner to determine that Bond's badge triggered the metal detector.  After Campbell advised Bond of the issue, Bond stated, in an angry and intimidating tone, "I'm good, I don't have to take my badge off, I'm good, wand me."  Campbell professionally replied, "Don't talk to me like that" before

Page 13 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, et al.
U.S. District for the Middle District of Georgia
Complaint for Damages

explaining the security protocol to Bond, who angrily countered that Campbell did not remove his badge when leaving the Macon Center.

34.

When reporting the Bond security incident to Fox, Campbell also reported that management at the Macon Center consistently violated Bass Pro Shop security protocols. In response, Fox thanked Campbell for reinforcing the security protocols discussed on July 17, 2020, and instructed Campbell to not return to the Macon Center while Fox conducted an investigation. Specifically, Fox stated, "You are not in trouble. I just want you to stay home until I finish."

35.

When Campbell returned to Bass Pro Shop on July 28, 2020, Fox requested a phone conference on July 29, 2020, when Fox stated that Campbell was being placed on a Final Written Warning. According to Fox, the warning was based upon Fox's investigation and witness accounts, which *purportedly* revealed that Campbell was agitated and used an elevated voice (CCTV is not equipped with audio) during the Bond security incident. Campbell denied Fox's conclusion, reminded Fox of their discussions concerning security protocols, and complained that the process was unfair. Specifically, although Harris (African-American Team Lead) and Julia

Page 14 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

Rouse (African-American employee) witnessed the incident, neither were interviewed or asked to provide a statement. However, Fox solicited statements from Roy Harford and Davis Petro—Caucasian Operations Managers who came to Bass Pro Shops with Bond from a previous employer and falsely reported that Campbell stated that Campbell did not work for or report to Bond.

36.

Prior to the Final Written Warning, Campbell had not received any disciplinary actions while employed for Bass Pro Shops.

37.

Without cause, in or about August 2020, Fox questioned Campbell's attendance, stated that Campbell worked less than other Caucasian Safety and Security Managers, and requested details concerning Campbell's schedule. Despite Fox's false allegations and criticism, Campbell had been consistently and routinely working overtime without compensation. Indeed, on August 7, 2020, Campbell advised Fox that, among other things, "the Macon Security team is stretched to the max." Fox did not subject the Caucasian Safety and Security Managers to this scrutiny and micromanagement.

Page 15 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

38.

When Campbell requested comp time for all of the overtime hours worked, Fox refused.  Subsequently, Bond began to secretly monitor Campbell's attendance at the Macon Center through the CCTV camera system.  However, because the Team is notified when someone operates the CCTV system, the Team became aware of Bond's monitoring of Campbell.

39.

On or about September 9, 2020, Campbell filed with the EEOC another Charge, complaining about continuing racial discrimination and retaliation suffered at the Macon Center at the hands of Defendants.

40.

Defendants' retaliatory and discriminatory campaign even extended to other members of the Team.  For example, on or about October 15, 2020—approximately one (1) month after the Charge—Bond and Thomas criticized Campbell's arrival at the Macon Center in the presence of Harris, who was a member of Campbell's Team. After Harris made Campbell aware of the criticism, Campbell sent Bond and Thomas a copy of Campbell's schedule.  Immediately thereafter, Fox instructed

Page 16 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

Campbell to negatively change Harris' performance evaluation Campbell submitted to Fox on October 14, 2020.

41.

Shortly before Thanksgiving 2020, the Maintenance Manager who shared an office with Campbell at the Macon Center contracted COVID-19.  However, Defendants did not advise Campbell of this exposure.  After the Manager did not show up at the Macon Center for several days, Campbell contacted the Manager, who advised Campbell of the positive COVID-19 test.  When Campbell called the Senior HR Representative at the Corporate Office, Campbell was put on medical leave and instructed to undergo COVID-19 testing.

42.

While Campbell was on medical leave, Fox repeatedly questioned Campbell about COVID-19 test results, forcing Campbell to advise, on almost a daily basis, Fox that Campbell would provide test result once obtained.  Additionally, Fox required Campbell to perform professional duties while Campbell was on medical leave.  On or about December 29, 2020, Campbell filed a complaint, however, Bass Pro Shops took no remedial action.

Page 17 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

43.

Since Campbell's racial discrimination complaint against Morris, Campbell has repeatedly complained and expressed concern about retaliation, racial discrimination, and unfair treatment at the Macon Center, however, Fox simply disregarded the complaints and concerns without taking any remedial action.

44.

Shortly after Defendants received Campbell's Charge, in or about February 2021, Fox *purportedly* resigned from Bass Pro Shops.

45.

Although Campbell diligently performed as Safety and Security Manager, Defendants treated Campbell unequivocally and significantly less-favorably than the Caucasian Managers who were in similar and comparable positions at the Macon Facility.

46.

As a result of unfair, discriminatory, and retaliatory treatment, Campbell has suffered the indignity of race and national origin discrimination, the invasion of right to be free from discrimination, humiliation, emotional pain, mental distress, inconveniences, and mental anguish, for which Campbell is entitled to recover.

Page 18 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

## COUNTS I & II
## RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII AND SECTION 1981
### (Against Defendant Bass Pro Shops)

47.

Campbell re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

48.

Title VII and Section 1981 prohibit employers from discriminating against an employee based upon, *inter alia*, race, ethnicity, and/or national origin.

49.

As an African-American, Campbell is a member of a protected class under Title VII and Section 1981.

50.

At all relevant times, the relationship between Campbell and Bass Pro Shops was a relationship of "employee" to "employer" under Title VII and Section 1981, such that a cause of action exists where discrimination on the basis of race is alleged to be the cause of an adverse actions directed to the employee by the employer.

Page 19 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

51.

At all times relevant to this action, Bass Pro Shops acted by and through its agents and employees, including, but no limited to, Fox and Bond, each of whom acted in the course and scope of their employment with and for Bass Pro Shops.

52.

Despite Campbell's diligent work performance, Defendants intentionally discriminated against Campbell on the basis of race by, among other things, subjecting Campbell to unfair treatment compared to similarly-situated non-African-American employees, isolated Campbell from management at the Macon Center, denied Campbell the promised office, P-Card, and laptop necessary for professional performance, placed Campbell on a Final Written Warning for enforcing safety protocols as instructed, criticized Campbell's performance/attendance in the presence of Team members, failed to pay Campbell the same as Caucasian managers, scrutinized Campbell's attendance and micromanaged Campbell, forced Campbell to negatively change professional evaluations, failed to advise Campbell of COVID-19 exposure caused by Defendants' refusal to provide a private office, as well as other unlawful actions based solely upon race.

Page 20 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

53.

At all relevant times, Campbell diligently performed while employed by Bass Pro Shops and was qualified to serve as Safety and Security Manager.

54.

Nevertheless, Campbell was treated less-favorably than similarly-situated non-African-American Bass Pro Shops employees in violation of Title VII and Section 1981.

55.

Defendants' conduct adversely impacted the terms, conditions, and privileges of Campbell's employment.

56.

Defendant's actions constitute unlawful race discrimination in violation of Title VII and Section 1981.

57.

Defendants have willfully and wantonly disregarded Plaintiff's statutory rights and Defendants' discrimination was undertaken in bad faith.

Page 21 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

58.

As a direct and proximate result of Bass Pro Shops' unlawful employment practices, which were intended to cause Campbell harm and/or were committed with reckless disregard of the harm caused to Campbell, in derogation of Campbell's Federally-protected rights, Campbell has suffered and continues to suffer the indignity of race and national origin discrimination, the invasion of his right to be free from race and national origin discrimination, humiliation, emotional pain, mental distress, inconveniences and mental anguish.

59.

Bass Pro Shops' intentional and illegal conduct entitles Campbell to compensatory damages, as well as any and all other remedies available under Title VII and Section 1981.

60.

Bass Pro Shops' actions with regard to Campbell demonstrate willful misconduct, malice, fraud, wantonness, oppression, and a complete lack of care entitling Campbell to an aware of punitive damages to deter, punish, and penalize Bass Pro Shops for and from similar future conduct.

Page 22 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, <em>et al.</em>
U.S. District for the Middle District of Georgia
Complaint for Damages

## COUNTS III AND IV
## RETALIATION
## IN VIOLATION OF TITLE VII AND SECTION 1981
### (Against Defendant Bass Pro Shops)

61.

Campbell re-alleges and incorporates by reference each of the foregoing Paragraphs as if fully restated herein.

62.

Title VII and Section 1981 prohibit employers from retaliating against an employee who opposes an employment practice prohibited by, or exercise or attempt to exercise rights, under Title VII and Section 1981.

63.

As an African-American, Campbell is a member of a protected class under Title VII and Section 1981.

64.

During the relevant period, the relationship between Campbell and Bass Pro Shops was an employer-employee relationship within the meaning of Title VII and Section 1981, such that a cause of action exists where retaliation on the basis of opposing and/or reporting discrimination is alleged to be the causative agent of adverse employment actions directed to Campbell by Defendants.

Page 23 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

65.

During the course of Campbell's employment, Bass Pro Shops, including Defendant's agents and employees, unlawfully and knowingly discriminated against Campbell based upon, among other things, race and national origin in violation of, *inter alia*, Title VII and Section 1981.

66.

Campbell complained to Bass Pro Shops employees, including, but not limited to Fox and the HR Department, as well as submitted complaints about unlawful employment practices based upon race.

67.

Campbell also submitted Charges, opposing unlawful employment practices based upon, among other things, Campbell's race.

68.

Following Campbell's complaints and Charges concerning, among other things, unlawful employment practices based on race, Defendants took additional adverse employment actions against Campbell, including, but not limited to, isolated Campbell from management at the Macon Center, denied Campbell the promised office, P-Card, and laptop necessary for professional performance, placed Campbell

Page 24 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

on a Final Written Warning for enforcing safety protocols as instructed, criticized Campbell's performance/attendance in the presence of Team members, failed to pay Campbell the same as Caucasian managers, scrutinized Campbell's attendance and micromanaged Campbell, forced Campbell to negatively change professional evaluations, failed to advise Campbell of COVID-19 exposure caused by Defendants' refusal to provide a private office, as well as other unlawful actions based solely upon race in violation of, *inter alia*, Title VII and Section 1981.

69.

Defendants' adverse employment actions against Campbell constitute unlawful retaliation against Campbell in violation of, *inter alia*, Title VII and Section 1981.

70.

Defendants' retaliatory actions were willful, deliberate, and intended to cause Campbell harm and/or were committed with reckless and wanton disregard of the harm causes to Campbell in derogation of Campbell's Federally-protected rights.

71.

Defendants' discriminatory and retaliatory actions were undertaken in bad-faith.

Page 25 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

72.

The retaliation to which Campbell was subjected by Defendants entitle Campbell to all appropriate relief afforded under the law.

73.

As a result of Defendants' intentional and unlawful actions, Campbell has suffered lost compensation and other benefits of employment, physical and emotional distress, inconvenience, humiliation, damage to reputation, other indignities, as well as past and future pecuniary losses.

74.

Defendants' actions with respect to Campbell have demonstrated willful misconduct, malice, fraud, wantonness, oppression, and a complete want of care, and thus, Campbell is entitled to an award of punitive damages to deter, punish, and penalize Defendants for and from similar future conduct.

## COUNT V:
## INTERFERENCE
## IN VIOLATION OF THE FMLA
**(Against Defendant Bass Pro Shops)**

75.

Campbell re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

Page 26 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

76.

The FMLA prohibits employers from interfering with employees who are exercising rights under FMLA.

77.

At all relevant times, Bass Pro Shops was an employer covered by the FMLA and Campbell was an "eligible employee" as defined under the FMLA.

78.

During the relevant period, the relationship between Campbell and Bass Pro Shops was an employer-employee relationship within the meaning of the FMLA, such that a cause of action exists where Defendants interfered, restrained, and/or denied Campbell medical leave.

79.

At all times relevant to this action, Bass Pro Shops acted by and through its agents and employees, including, but not limited to, Bond and Fox, each of whom acted in the course and scope of their employment with and for Bass Pro Shops.

Page 27 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

80.

Campbell had an "entitlement to leave" as defined by the FMLA when, because of a serious health condition, Campbell was unable to perform the functions of the Safety and Security Manager.

81.

Campbell satisfied all other FMLA prerequisites.

82.

Defendants violated the FMLA by interfering with Campbell's rights when Fox repeatedly harassed, while Campbell was on approved FMLA leave, Campbell by requesting COVID-19 test results and requiring Campbell to perform professional duties and responsibilities.

83.

Due to such interference, Campbell was unable to exercise Campbell's full rights under FMLA in a meaningful way.

84.

As a direct and proximate result of the above-described actions, Defendants have deprived Campbell of an employment benefit.

Page 28 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

85.

Additionally, Campbell has suffered and continues to suffer loss income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits, as well as humiliation, emotional pain, mental distress, inconveniences, and mental anguish.

86.

Defendants' interference actions were willful, deliberate, and intended to cause Campbell harm and/or were committed with reckless disregard of harm caused to Campbell, and in derogation of Campbell Federally-protected rights.

87.

As a result, Campbell is entitled to both equitable and monetary relief for Defendants' violation of the FMLA, including, but not limited to, back pay, front pay or reinstatements, attorney's fees, and costs of litigation.

88.

Campbell is also entitled to liquidated damages for Defendants' violation of Campbell's rights under the FMLA because Defendants' actions were willful violations of the FMLA.

Page 29 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, _et al._
U.S. District for the Middle District of Georgia
Complaint for Damages

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## IN VIOLATION OF GEORGIA LAW
### (Against All Defendants)

89.

Campbell re-alleges and incorporates each and every preceding paragraph of the Complaint as if set forth fully herein.

90.

Despite Campbell's years of stellar and diligent performance at the Macon Center, Campbell was isolated from management at the Macon Center, denied the promised office, P-Card, and laptop necessary for professional performance, placed on a Final Written Warning for enforcing safety protocols as instructed, professionally criticized in the presence of Team members, denied the same compensation as Caucasian Managers, professionally scrutinized and micromanaged Campbell, forced to negatively change professional evaluations, failed to advise Campbell of COVID-19 exposure caused by Defendants' refusal to provide a private office, as well as subjected to other unlawful actions and tortious conduct.

Page 30 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

91.

Defendants' statements, conduct, and behavior towards Campbell were intentional and/or reckless, as well as extreme and outrageous, causing Campbell severe shame, humiliation, embarrassment and emotional distress of a nature that no reasonable person can endure.

92.

Defendants' statements, conduct, and behavior towards Campbell demonstrate, among other things, a "retaliatory animus."

93.

At all relevant times, Defendants and Campbell had a special, employer-employee relationship, wherein Defendants exercised control over Campbell during the Global COVID-19 Pandemic.

94.

Defendants knew or should have known that such conduct would result in severe emotional distress by Campbell.

95.

As a result of Defendants' conduct, Campbell has and will continue to suffer severe emotional and other damages for which Campbell is entitled to recover.

Page 31 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

<u>**COUNT VII**</u>
**<u>NEGLIGENT RETENTION AND SUPERVISION</u>**
**<u>IN VIOLATION OF GEORGIA LAW</u>**
**(Against Bass Pro Shops)**

96.

Campbell re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

97.

As a result of the actions taken by Bass Pro Shops' employees, including, but not limited to, Bond and Fox, Campbell suffered, among other things, discrimination based on race, retaliation, and interference.

98.

Bass Pro Shops owed Campbell a duty to hire, retain, and supervise employees who would lawfully conduct themselves and not engage in discriminatory, retaliatory, unlawful, and/or tortious conduct.

99.

By negligently retaining and supervising its employees, including, but not limited to, Bond and Fox, Bass Pro Shops breached its duty to hire, retain, and supervise an employee who would lawfully behave.

Page 32 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

100.

Bass Pro Shops knew or, in the exercise of ordinary diligence, should have known of the propensity of its employees, including, but not limited to, Bond and Fox, to engage in unlawful conduct against Campbell.

101.

Additionally, by failing to engage in any corrective or remedial action, Bass Pro Shops ratified, condoned, and/or adopted its employees' unlawful conduct.

102.

As a direct and proximate result of Bass Pro Shops' negligent retention and supervision of its employees, as well as the failure to take any remedial or corrective action with respect to the known unlawful actions taken by Bass Pro Shops' employees, Campbell suffered damages.

103.

Bass Pro Shops' negligent conduct entitles Campbell to compensatory damages, as well as any and all other remedies available under the law.

Page 33 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Direct the Clerk of the Court issue summons and original process, served upon Defendants and any other person/entity the Court deems necessary in accordance with the law;

(2)     Grant declaratory judgment that Plaintiff's rights under Title VII, Section 1981, the FMLA, and laws of the State of Georgia were violated;

(3)     Grant an injunction prohibiting Defendants from engaging in such unlawful conduct in the future;

(4)     Award Plaintiff compensatory damages for all injuries suffered as a result of Defendants' unlawful conduct;

(5)     Award appropriate back pay, including, but not limited to, reimbursement for lost income, bonuses, pension, social security, and other benefits in an amount proven at trial;

(6)     Award liquidated damages equal to back pay and lost benefits based upon Defendants' willful violations of the Title VII, Section 1981, the FMLA, and the laws of the State of Georgia;

Page 34 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

(7)     Award punitive damages in an amount reasonable and commensurate

with the harm done and calculated to be sufficient to deter such future

conduct;

(8)     Award pre-judgment interest on any monetary award;

(9)     Grant a trial by jury as to all triable issues of fact;

(10)    Award attorney's fees, costs, and disbursements

(11)    Plaintiff's attorneys' fees, costs, and disbursements; and

(12)    Award such further and additional relief as may be just and appropriate.

*[SIGNATURE ON THE FOLLOWING PAGE]*

Page 35 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

Respectfully submitted, this 17th day of June, 2021.

MOLDEN & ASSOCIATES

*/s/ Regina S. Molden*
REGINA S. MOLDEN
Georgia Bar No. 515454
T. ORLANDO PEARSON
Georgia Bar No. 180406
YIYING ZHANG
Georgia Bar No. 798231
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 324-4500
(404) 324-4501 (facsimile)
Email:  rmolden@moldenlaw.com
Email:  topearson@moldenlaw.com
Email:  azhang@moldenlaw.com

*Counsel for Plaintiff Brandon R. Campbell*

Page 36 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| BRANDON ROSS CAMPBELL, formerly known as Brandon Ross Williams, <br><br>         Plaintiff, <br><br>    vs. <br><br> SPORTSMAN'S DISTRIBUTION COMPANY OF GEORGIA, LLC, *et al.*, <br><br>         Defendants. | CIV. ACTION NO. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## LOCAL RULE AND SERVICE CERTIFICATION

The undersigned certifies that this document has been prepared in accordance with the Local Rules and that the foregoing **Complaint for Damages** has been filed with the Clerk using the CM/ECF system which will notify to the attorney(s) of record.

Respectfully submitted, this 17th day of June, 2021.

MOLDEN & ASSOCIATES

*/s/ T. Orlando Pearson*
T. ORLANDO PEARSON
Georgia Bar No. 180406

Page 37 of 37
Campbell v. Sportsman's Distribution Company of Georgia, LLC, *et al.*
U.S. District for the Middle District of Georgia
Complaint for Damages